# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**IESHUH GRIFFIN,**

        Petitioner,

        -vs-

**Case No. 10-C-617**

**GOVERNMENT ACCOUNTABILITY BOARD,**
**KEVIN J. KENNEDY, DIANE LOWE,**

        Respondents.

# DECISION AND ORDER

Ieshuh Griffin ("Griffin") is running for an open position on the Wisconsin Assembly. Wisconsin's Government Accountability Board rejected her request to use the slogan "NOT the 'whiteman's bitch'" under her name on the ballot. Griffin now challenges this result in the instant lawsuit.

On the same day she filed this action, Griffin indicated her consent to proceed before a U.S. Magistrate Judge. The respondents consented a few days later. Accordingly, the Court entered a reassignment order on July 29, 2010. 28 U.S.C. 636(c); Fed. R. Civ. P. 73(b). Griffin now moves to vacate the reassignment. Griffin claims that she actually meant to refuse consent, but she inadvertently signed the wrong place on the form. The district court can vacate a referral on its own motion for good cause or when a party shows extraordinary circumstances. Fed. R. Civ. P. 73(b)(3); 28 U.S.C. § 636(c)(4). The Court finds that the referral should be vacated because there was no undue delay, the plaintiff is

acting *pro se*, and none of the parties will suffer any prejudice. *Carter v. Sea Land Servs., Inc.*, 816 F.2d 1018, 1021 (5th Cir. 1987) (listing factors court can consider in deciding motion to vacate referral).

Now that the case is back before the district court, an initial review reveals that it must be dismissed. Griffin filed this action under the general habeas corpus statute, which requires that the petitioner be "in custody." 28 U.S.C. § 2241(c). "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Mun. Court, San Jose Milpitas Judicial Dist.*, 411 U.S. 345, 351 (1973). "The precedents that have found a restraint on liberty rely heavily on the notion of a physical sense of liberty – that is, whether the legal disability in question somehow limits the putative habeas petitioner's movement." *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998); *Virsnieks v. Smith*, 521 F.3d 707, 718 (7th Cir. 2008). Griffin is not a prisoner, and the GAB's rejection of Griffin's ballot slogan does not restrict her physical sense of liberty. Therefore, Griffin is not "in custody" for purposes of the habeas statute.

Ultimately, Griffin's claims should be brought in a civil rights action. 42 U.S.C. § 1983. Instead of re-characterizing the complaint, a better course of action is to dismiss this case without prejudice. *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005). Griffin is advised that the Court is not making a decision on the ultimate merit of her claims. *Id.* at 390. Griffin can re-file immediately under the proper legal label, subject to the normal rules such as those prohibiting frivolous lawsuits. *Id.* If Griffin chooses to re-file her lawsuit, she

is encouraged to use this district's standard form for Section 1983 lawsuits, which can be obtained along with instructions free of charge. Civil L.R. 9 (E.D. Wis.) If Griffin requests leave to proceed *in forma pauperis*, her complaint will be screened pursuant to 28 U.S.C. § 1915(e).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Griffin's motion to vacate [D. 7] is **GRANTED**; and

2. This matter is **DISMISSED** without prejudice.

Dated at Milwaukee, Wisconsin, this 4th day of August, 2010.

**SO ORDERED,**

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**